**AUTOMOBILE INS. CO. OF HARTFORD, CONN., v. PATTIZ et al.**

Circuit Court of Appeals, Eighth Circuit.
April 13, 1928.

No. 7830.

Insurance ⊕=655(1)—Evidence of false representations as to losses in application for earlier burglary policy held inadmissible in action on later policy.

Where answer averred that plaintiffs, in applying for burglary policy in suit, falsely represented that certain loss was only one sustained by them, evidence that they made such representation in their written application for earlier policy, which had expired, *held*, properly excluded, in absence of evidence that they intended, represented, or requested that policy sued on should be issued on such representations.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by Max B. Pattiz and another against the Automobile Insurance Company of Hartford, Conn. Judgment for plaintiffs, and defendant brings error. Affirmed.

Wayne Ely, of St. Louis, Mo., for plaintiff in error.

Alexander R. Russell, of St. Louis, Mo. (Randolph Laughlin, Abram M. Frumberg, and Henry W. Blodgett, all of St. Louis, Mo., on the brief), for defendants in error.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

WALTER H. SANBORN, Circuit Judge. The writ of error in this case was sued out to reverse a judgment of $4,800 against the Automobile Insurance Company of Hartford, Conn., for its failure to pay Max B. Pattiz and Nettie May Pattiz, the plaintiffs, for their loss by a burglary of articles of personal property against the loss of which the company had insured them for one year from the 20th day of February, 1925, to the 20th day of February, 1926. The complaint stated the plaintiffs' cause of action clearly and concisely. The defendant answered that it insured the plaintiffs as alleged in the complaint, but that in making application for the insurance policy plaintiffs represented in writing, in answer to question 12–G of the policy, that the only loss of either jewelry or furs that had theretofore been sustained by either of the plaintiffs was that "Mr. Pattiz was formerly in jewelry business in St. Louis, and had one loss at the store in Fidelity & Casualty which was paid in amount of $14,-000. This was a hold-up loss"; that this statement was false; that the plaintiff had

sustained several such losses, which were described in detail in the amended answer; and that the policy contained this provision: "This entire policy shall be void if the assured has concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof, or in case of any fraud or false swearing by the assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." The plaintiffs in a reply to this answer denied every allegation thereof and the case was then tried by the court and jury.

There was persuasive evidence at the trial that about the 9th of February, 1924, the plaintiff Max B. Pattiz, while seeking a policy of insurance from the defendant, signed and delivered to the defendant a writing which contained this question and answer: "12. Has any loss of either jewelry or furs been sustained by any of the proposers? No; see letter attached." There was no letter attached. Upon this and other writings the insurance company issued a policy, dated February 9, 1924, upon the same property described in the policy in suit for the term of one year from February 9, 1924, to February 9, 1925. The policy in suit insured the assured from February 20, 1925, to February 20, 1926. There was an interval of 12 days between the end of the term of the first policy and the beginning of the term of the second policy, the policy in suit. There was no evidence that the policy in suit was issued on any written application or representation. Mr. Pattiz testified that he did not make or sign a written application for it; that he simply asked the agent of the insurance company to cover him in the same company, not to renew the policy; and that the policy in suit was issued upon that request, without any written application or request, or any further communication about it.

In this state of the case the defendant offered in evidence the first policy, the policy insuring the plaintiffs from February 9, 1924, to February 9, 1925, and the written application on which that policy was issued. The defendant made this offer to prove the averment in its amended answer that the plaintiffs, in making their application for the policy in suit, the policy made and delivered February 20, 1925, "represented in writing to the defendant that the only loss of either jewelry or furs that had theretofore been sustained by either of the plaintiffs was as set out in plaintiffs' answer to question #12–G, as follows: 'Mr. Pattiz was formerly in jewelry business in St. Louis and had one

loss at the store in Fidelity & Casualty which was paid in amount of $14,000. This was a hold-up loss' " and that this and other representations made to obtain the policy in suit were false. The plaintiffs objected to this evidence on the ground that none of the representations pleaded by the defendant were made in writing or otherwise to induce the issue of the policy in suit; that, if any of them were made, they were made in reference to the policy dated and issued February 9, 1924, which had expired February 9, 1925, 12 days before the policy in suit was issued. The court sustained the objection, the defendant excepted, and this presents the only question in this case in this court.

The statement of the pleadings and evidence which has been made leaves no doubt what the answer to this question must be. The averments of the answer were that in making application for the insurance policy in suit on February 20, 1925, the plaintiffs represented in writing to the, defendant that the only loss of jewelry or furs that had been sustained by either of them was the loss of $14,000 at the store, and that those representations were false. The proof was that in making application for the policy in suit the plaintiffs never made any representation in writing whatever, that the only thing said or done by the plaintiffs with regard to that policy in securing it was that the plaintiff Max B. Pattiz asked the agent of the defendant to cover him in the same company.

Counsel for the defendant argue that the representations in writing made by the plaintiffs to obtain the earlier policy issued February 9, 1924, were representations to secure the policy in suit of February 20, 1924, and they cite Clark et al. v. Manufacturers' Ins. Co., 8 How. (49 U. S.) 235, 12 L. Ed. 1061, in support of this contention. There was, however, no evidence in the present case that either of the plaintiffs ever intended, represented, or requested that the policy here in controversy should be issued on the representations made in obtaining the earlier policy. The facts conditioning the decision of the Clark Case were that successive policies were issued yearly on a cotton mill from 1834 to 1846 on such requests of the insured as to continue the policy, to issue a new policy, and to continue the policy omitting the $1,000 on stock, and the successive policies contained the same clauses.

The situation of the parties and the facts of the two cases are so radically different as to leave no basis for an argument by analogy, and the judgment below must be and it is affirmed.